UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES,

        Plaintiff,

  v.

JASON E. SMITH,

        Defendant.

NO. CR. S-96-450 FCD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant Jason E. Smith's application for writ of error *coram nobis* and writ of *audita querela* arising from his convictions for bank robbery under 18 United States Code § 2113(a) and (d) and use of a firearm under § 924(c)(1). (Application [Docket #80], filed May 31, 2011, at 3.) On July 31, 1997, defendant plead guilty to those charges, and he is still serving his sentence.[1] (Plea Agreement [Docket #45], filed July 31, 1997, at 2:16-20.) Defendant asks the court to vacate his convictions on the ground that Congress violated the Tenth Amendment of the United States Constitution in codifying the statutes under which he was

---

[1] Defendant is an inmate at F.C.I. Herlong.

1

convicted.

"Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), *coram nobis* is available to vacate a conviction for a[n] [applicant] who has fully served his sentence, but suffers from the lingering collateral consequences of an unconstitutional or unlawful conviction." Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)(emphasis added). To warrant *coram nobis* relief, defendant must show that a "more usual remedy is not available to him."[2] Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002). As a result, if the more usual remedy of habeas corpus is available to an applicant, the writ of error *coram nobis* is not. Id. at 761 (denying applicant writ of error *coram nobis* after classifying him as still in custody). "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court" to vacate his sentence with a petition for habeas corpus. 28 U.S.C. § 2255(a) (2011). Likewise "a federal prisoner may not challenge a conviction or sentence by way of a[n] [application] for a writ of *audita querela* when that challenge is cognizable under § 2255 because, in such a case, there is no 'gap' to fill in the postconviction remedies." United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001)(citing 28 U.S.C. § 2255).

---

[2] This is one of four requirements to receive *coram nobis* relief, but failure to meet any one of them is fatal to the claim. Matus-Leva, 287 F.3d at 760.

1     Here, defendant argues that his current status as an inmate
2 does not categorically preclude him from obtaining a writ of
3 *coram nobis*, citing a Western District Court of Virginia
4 decision.  See <u>Bruce v. Ebert</u>, 748 F. Supp. 2d 569, 579 (W.D. Va.
5 2010)(issuing writ of *coram nobis* to a prisoner).  That decision
6 is not binding on this court, and the Ninth Circuit has
7 consistently barred individuals in custody from obtaining a writ
8 of error *coram nobis* or writ of *audita querela,* as habeas relief
9 is available pursuant to § 2255.  <u>United States v. Klein</u>, 227
10 F.App'x 668, 669 (9th Cir. 2007); <u>see also</u> <u>Valdez-Pacheco</u>, 237
11 F.3d at 1080; <u>Middleton v. Wash. State Dep't of Corr.</u>, 103
12 F.App'x 275, 276 (9th Cir. 2004).
13     The defendant in this case is still a federal inmate.  As
14 such, defendant's claim that his conviction and sentence violate
15 the Constitution are cognizable under § 2255, and thus neither a
16 writ of error *coram nobis* nor a writ of *audita querela* are
17 available to him.  For this reason, the defendant's application
18 is DENIED.
19     IT IS SO ORDERED.
20
DATED: June 15, 2011
21
_____
22                                FRANK C. DAMRELL, JR.
                               UNITED STATES DISTRICT JUDGE